# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES DARREN COLBERT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-0108-CVE-JFJ** |
| | ) | |
| **JOE ALLBAUGH,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Petitioner James Darren Colbert, a state inmate appearing <u>pro se</u>, commenced this action on February 28, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He paid the requisite $5 filing fee on March 7, 2019. Dkt. # 3. On preliminary review, the Court finds that the habeas petition is subject to being dismissed as time-barred. Within thirty (30) days of the entry of this order, petitioner shall show cause in writing why his petition should not be dismissed as time-barred.

## *BACKGROUND*

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Osage County, Case No. CF-2012-291. Dkt. # 1, at 1. In that case, a jury convicted petitioner of four felony offenses: (1) trafficking in illegal drugs, (2) possessing a firearm during the commission of a felony, (3) possessing a firearm after former conviction of a felony, and (4) unlawfully using a police radio, all after former conviction of two or more felonies;

---

[1] Petitioner is currently incarcerated at the Davis Correctional Facility, a privately-operated prison. The Clerk of Court is therefore directed to substitute Joe Allbaugh, Director of the Oklahoma Department of Corrections, in place of James Yates, as party respondent. <u>See</u> Rule 2(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>.

and two misdemeanor offenses: (1) possessing marijuana, and (2) possessing drug paraphernalia. Id. at 1, 26. The trial court imposed a 50-year prison term for the drug trafficking conviction, imposed shorter prison terms for each remaining conviction, and ordered all terms to be served concurrently. Id. at 26. Petitioner filed a timely direct appeal. Id. at 2, 27. In an unpublished opinion filed February 4, 2015, in Case No. F-2013-1106, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences. Id. at 27. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Id. at 3.

On February 23, 2016, petitioner filed an application for post-conviction relief in state district court. Dkt. # 1, at 3. The state district court denied that application on March 21, 2016. Id. Petitioner did not appeal. Id. at 27.

Petitioner filed a second application for post-conviction relief in state district court on May 9, 2016. Id. at 4. In the second application, petitioner sought leave to file an out of time post-conviction appeal challenging the denial of his first application for post-conviction relief. Id. The state district court denied petitioner's second application on July 12, 2016. Id. at 4, 27. Petitioner did not appeal. Id. at 27.

On December 16, 2016, petitioner filed a third application for post-conviction relief in state district court. Dkt. # 1, at 4. The state district court denied petitioner's application on February 2, 2018. Id. at 5, 26. Petitioner timely appealed, and the OCCA affirmed the denial of petitioner's third application for post-conviction relief on April 10, 2018. Id. at 26-28.

Petitioner filed the instant federal habeas petition on February 28, 2019. Dkt. # 1, at 1. He raises four claims: (1) appellate counsel was ineffective, (2) the trial court lacked subject-matter and

personal jurisdiction, (3) the search warrant was not supported by probable cause, and (4) the State did not file an amended information. Id. at 5-10, 20-25.

## *ANALYSIS*

District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. However, before summarily dismissing a habeas petition on its own initiative, the district court must afford the petitioner "fair notice and an opportunity to present [his] position[]." Day v. McDonough, 547 U.S. 198, 210 (2006); see also Allen v. Zavaras, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied Day by providing petitioner an opportunity to respond before sua sponte dismissing habeas petition on exhaustion grounds).

## A.    The petition is time-barred.

In this case, it is plainly apparent that the habeas petition is time-barred. State prisoners have one year from the latest of four specified dates to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. Id. § 2244(d)(2). However, to obtain the benefit of statutory tolling, the application for post-conviction or other collateral review must be filed within the applicable one-year limitation period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

### 1.    The petition is time-barred under § 2244(d)(1)(A).

For most state prisoners, the one-year limitation period commences when the prisoner's state-court judgment becomes "final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A). The OCCA affirmed petitioner's judgment on February 4, 2015, and he did not file a petition for writ of certiorari in the United States Supreme Court. Petitioner's state-court judgment thus became final on May 4, 2015, when the 90-day period for seeking a writ of certiorari from the Supreme Court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Petitioner's one-year limitation period commenced the next day, May 5, 2015, and, absent statutory tolling, would have expired on May 5, 2016. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

Petitioner filed two applications for post-conviction relief in state district court during his one-year limitation period. He filed his first application on February 23, 2016, after 295 days of his one-year period passed. The state district court denied that application on March 21, 2016, and petitioner did not file a post-conviction appeal within the 20-day time period provided under Oklahoma law. See Rule 5.2(C)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019). Thus, his one-year period was tolled from February 23, 2016, to April 11, 2016, when the 20-day period for filing a post-conviction appeal expired.[2] See Carey v. Saffold, 536 U.S. 214, 220 (2002).

Petitioner filed his second application for post-conviction relief on May 9, 2016, after 28 more days of his one-year period passed. The district court denied that application on July 12, 2016, and petitioner did not appeal within the allotted 20-day period. Petitioner's one-year limitation period was therefore tolled from May 9, 2016, to August 1, 2016, when the 20-day period for filing

---

[2]     Petitioner's 20-day period would have expired on April 10, 2016. Because that day was a Sunday, he had until April 11, 2016, to file a timely post-conviction appeal. See FED. R. CIV. P. 6(a)(1)(C).

a post-conviction appeal from the denial of his second application expired. See Carey, 536 U.S. at 220.

Accounting for these two periods of statutory tolling, as of August 2, 2016, petitioner had 42 days remaining of his one-year period, or until September 12, 2016, to file a timely federal habeas petition. Petitioner's third application for post-conviction relief, filed December 16, 2016, had no tolling effect because it was filed after his one-year period expired. See Clark, 468 F.3d at 714. Petitioner did not file the instant habeas petition until February 28, 2019, more than two years after his September 12, 2016, deadline. Thus, even with the benefit of statutory tolling, the petition is time-barred under § 2244(d)(1)(A).

**2.      § 2244(d)(1)(D) does not apply.**

Petitioner alleges that claims two, three and four rest on the "new found discovery of evidence . . . made after matters [were] resolved in the lower courts." Dkt. # 1, at 7-12. To the extent petitioner's allegations could be liberally construed as seeking a later commencement date for the one-year limitation period, under § 2244(d)(1)(D), the Court finds petitioner's allegations insufficient to support application of that provision. Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Even generously construing petitioner's pleadings, it appears the facts petitioner relies on to support claims two, three and four relate to the sufficiency of the search warrant and affidavit that was prepared and executed in 2012, and, possibly, an amended affidavit that was filed in 2013. See Dkt. # 1, 5-12, 20-25, 29-39. The record reflects that petitioner, while represented by counsel, raised issues relating to the search warrant and affidavit at trial and on direct appeal. Id. at 27, 35-39. Regardless of whether petitioner

may have more recently become aware of new "issues" relating to the search warrant and affidavit "by looking into the case as a pro-se" litigant, see Dkt. # 1, at 12, he fails to identify any facts that could not have been discovered, with due diligence, at the time of his trial or direct appeal. Thus, the Court finds that § 2244(d)(1)(D) does not apply. See Klein v. Franklin, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished)[3] (explaining that, under § 2244(d)(1)(D), "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts"); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that one-year limitation period under § 2244(d)(1)(D) commences when habeas petitioner could have, with reasonable diligence, discovered underlying facts that support his habeas claim).

## B. Opportunity to respond

For the reasons just discussed, the Court finds it plainly apparent that the habeas petition is subject to being dismissed as time-barred. Because § 2244(d)(1)'s statute of limitations is not jurisdictional, the untimeliness of a habeas petition may be excused for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts

---

[3]     The Court cites Klein as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1 (A).

6

to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, it is not extraordinary for state prisoners to experience periodic facility lock-downs, to have limited access to law libraries and legal resources, to have limited legal knowledge and training, or to seek federal habeas relief as a pro se litigant. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

To qualify for the equitable exception recognized in Perkins, a habeas petitioner must present a credible actual-innocence claim. In Perkins, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" so that a federal habeas court may review the merits of an untimely habeas claim. 569 U.S. at 386. But the Supreme Court emphasized that this equitable exception to § 2244(d)(1)'s one-year statute of limitations "applies to a severely confined category [of] cases" and that "tenable actual-innocence gateway pleas are rare." Perkins, 569 U.S. at 386, 395. The Supreme Court explained that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 401 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). To be credible [a claim of actual innocence requires] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Ultimately, to pass through the Schlup gateway, a petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006).

Within thirty (30) days of the entry of this order, petitioner shall file a written response brief addressing whether he can make any of the showings necessary to overcome his failure to comply with § 2244(d)(1)'s one-year statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1.   The Clerk of Court is directed to substitute Joe Allbaugh, Director of the Oklahoma Department of Corrections, in place of James Yates, as party respondent.

2.   The habeas petition is subject to being dismissed as time-barred.

3.   Within thirty (30) days of the entry of this order, or **by May 13, 2019**, petitioner shall file a written response brief addressing whether he can make any of the showings necessary to overcome his failure to comply with § 2244(d)(1)'s one-year statute of limitations.

4.   Should petitioner fail to file a written response by the above-referenced deadline, the Court will enter an order dismissing the habeas petition, with prejudice, as time-barred.

**DATED** this 11th day of April, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE