UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JAMES DARREN COLBERT, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 19-CV-0108-CVE-JFJ |
| SCOTT CROW,[1] | ) |  |
| Respondent. | ) |  |

# OPINION AND ORDER

Petitioner James Darren Colbert, a state inmate appearing pro se, commenced this action on February 28, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). In an opinion and order (Dkt. # 4) filed April 11, 2019, the Court found that the habeas petition is subject to being dismissed as time-barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations and directed petitioner to show cause why the petition should not be dismissed. Petitioner timely filed a written response (Dkt. # 7) on May 13, 2019. For the reasons stated in this Court's prior opinion and order, and for the reasons that follow, the Court finds that the petition shall be dismissed with prejudice as time-barred.

## I.

Petitioner challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Osage County, Case No. CF-2012-291. Dkt. # 1, at 1. In that case, a jury convicted petitioner of four felony offenses: (1) trafficking in illegal drugs, (2) possessing a

---

[1] Pursuant to FED. R. CIV. P. 25(d), the Court substitutes Scott Crow, Interim Director of the Oklahoma Department of Corrections (ODOC), in place of Joe Allbaugh, the ODOC's former director, as party respondent. The Clerk of Court shall note this substitution on the record.

firearm during the commission of a felony, (3) possessing a firearm after former conviction of a felony, and (4) unlawfully using a police radio, all after former conviction of two or more felonies; and two misdemeanor offenses: (1) possessing marijuana, and (2) possessing drug paraphernalia. Dkt. # 1, at 1, 26. The trial court imposed a 50-year prison term for the drug trafficking conviction, imposed shorter prison terms for each remaining conviction, and ordered all terms to be served concurrently. Id. at 26. Petitioner filed a timely direct appeal. Id. at 2, 27. In an unpublished opinion filed February 4, 2015, in Case No. F-2013-1106, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions and sentences. Id. at 27. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Id. at 3.

Petitioner sought post-conviction relief on three occasions. On February 23, 2016, petitioner filed an application for post-conviction relief in state district court. Dkt. # 1, at 3. The state district court denied that application on March 21, 2016, and petitioner did not appeal. Id. at 3, 27. Petitioner filed a second application for post-conviction relief in state district court on May 9, 2016. Id. at 4. In the second application, petitioner sought leave to file an out of time post-conviction appeal challenging the denial of his first application for post-conviction relief. Id. The state district court denied petitioner's second application on July 12, 2016, and petitioner did not appeal. Id. at 4, 27. On December 16, 2016, petitioner filed a third application for post-conviction relief in state district court. Dkt. # 1, at 4. The state district court denied petitioner's application on February 2, 2018, petitioner timely appealed, and the OCCA affirmed the denial of petitioner's third application for post-conviction relief on April 10, 2018. Id. at 5, 26-28.

Petitioner filed the instant federal habeas petition on February 28, 2019. Dkt. # 1, at 1. He raises four claims: (1) appellate counsel was ineffective, (2) the trial court lacked subject-matter and

personal jurisdiction, (3) the search warrant was not supported by probable cause, and (4) the State did not file an amended information. Dkt. # 1, at 5-10, 20-25.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA), imposes a one-year statute of limitations for any state prisoner seeking federal habeas relief through a § 2254 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitation period commences on the latest of the following four dates:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). However, to obtain the benefit of statutory tolling, the state prisoner must file the application for state post-conviction relief or other collateral review (1) in accordance with applicable state laws and procedural rules, Artuz v. Bennett, 531 U.S. 4, 8 (2000), and (2) within the applicable one-year limitation period, Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

3

Because the AEDPA's statute of limitations is not jurisdictional, federal courts have discretion to toll the one-year period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner bears a "strong burden" to "show specific facts" establishing that equitable tolling is warranted. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). While equitable tolling is available to permit review of untimely habeas claims, it is "a rare remedy to be applied in unusual circumstances." Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting Yang, 525 F.3d at 929).

A federal court may also excuse a habeas petitioner's failure to comply with the statute of limitations if the petitioner makes a "credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). In Perkins, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" so that a federal habeas court may review the merits of an untimely habeas claim. 569 U.S. at 386. But the Supreme Court emphasized that this equitable exception to § 2244(d)(1)'s statute of limitations "applies to a severely confined category [of] cases" and that "tenable actual-innocence gateway pleas are rare." Perkins, 569 U.S. at 386, 395. The Supreme Court further explained that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 401 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).

4

**III.**

In its prior opinion and order, the Court found the habeas petition, filed February 28, 2019, untimely under § 2244(d)(1)(A) because petitioner's convictions became final on May 4, 2015, and, absent statutory or equitable tolling, petitioner's one-year limitation period would have expired on May 5, 2016. Dkt. # 4, at 3-4. The Court found that his one-year period was tolled by statute for two periods: (1) from February 23, 2016, to April 11, 2016, and (2) from May 9, 2016, to August 1, 2016. Id. at 4-5. However, this extended his filing deadline only to September 12, 2016. Id. at 5. Thus, the Court concluded, petitioner's third application for post-conviction relief, filed December 16, 2016, had no tolling effect under § 2244(d)(2) and his petition, filed February 28, 2019, was therefore untimely. Id.

The Court liberally construed petitioner's allegations of newly discovered evidence as an attempt to invoke the later commencement date provided for in § 2244(d)(1)(D). Dkt. # 4, at 5-6. But the Court found that provision did not apply because petitioner "fail[ed] to identify any facts that could not have been discovered, with due diligence, at the time of his trial or direct appeal. Id. at 6.

Because the Court addressed the timeliness of the petition, sua sponte, on preliminary review of the habeas petition, the Court provided petitioner an opportunity to file a written response demonstrating why the Court should not dismiss the petition as time-barred. Id. at 6-8.

In his written response, petitioner invokes the Perkins actual-innocence exception. Dkt. # 7, at 1-3. Even liberally construed, the allegations in petitioner's response do not support a credible actual-innocence claim. To present a credible claim, the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

5

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. And, to pass through the Schlup gateway, a petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006). Here, petitioner's purported "evidence" consists of allegations that challenge (1) the sufficiency of the probable cause affidavit used to obtain a search warrant, (2) the credibility of a law enforcement officer who testified at petitioner's suppression hearing, and (3) the sufficiency of that officer's investigation. Dkt. # 7, at 1-2. Based on this "evidence," petitioner asserts that "no jury would [have] convicted the petitioner from fruits of a poison tree and inadmissible evidence." Id. at 2-3.

As discussed in this Court's prior opinion and order, petitioner, while represented by counsel, challenged the sufficiency of the probable cause affidavit and the validity of the search warrant at trial and on direct appeal. Dkt. # 4, at 5-6. Petitioner's attempts to recast his suppression arguments into the mold of an actual-innocence claim are unavailing. As a result, petitioner cannot rely on the actual-innocence exception to excuse the untimeliness of his petition.

**IV.**

Based on the foregoing, the Court concludes that the habeas petition is time-barred under § 2244(d)(1)(A), that petitioner has not demonstrated that his one-year limitation period commenced at a later date under any other provision of § 2244(d)(1), and that Petitioner cannot benefit from either statutory tolling, equitable tolling, or application of the Perkins actual-innocence exception to overcome his failure to file a timely federal habeas petition. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice, as time-barred. Further, because reasonable jurists would not debate the correctness of the Court's procedural ruling, the Court declines to issue a

certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing standards for issuing a certificate of appealability and noting an appeal generally is not warranted "[w]here a plain procedural bar is present"); 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Scott Crow in place of Joe Allbaugh as party respondent.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as time-barred.

3. A certificate of appealability is **denied**.

4. A separate judgment shall issue herewith.

**DATED** this 27th day of September, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE